## Genkins v. Roberto

*Julian W. Barnard,* for plaintiff; *James M. Love,* for defendant.

KNIGHT, P. J., May 25, 1934.—This is a suit brought by a physician to recover compensation for medical and surgical services rendered the son of the defendant. The statement avers that the plaintiff was employed to render medical and surgical services for defendant's minor son, who was seriously injured in an automobile accident. Paragraph 3 avers: "That thereupon plaintiff did perform medical and surgical services for the defendant's minor son from January 18, 1932, to April 6, 1932, by reason of which the boy recovered and returned to his home from the hospital".

The plaintiff claims a lump sum of $350 for said services rendered.

The petition in support of the rule alleges that the statement is defective, because the specific nature and character of the services performed is not set forth, nor is the bill itemized.

We think the objection is well taken. Surgery has become a specialty, and in the common and accepted understanding of the terms surgical care and medical

care are different things, although they both may be rendered by the same person. The plaintiff should state the charge for the surgical care, the nature and character of the operation, and how many operations were performed. The statement should also set forth the charge for medical care, the number of visits, and the days upon which they were made.

That other courts have taken the same view in reference to lumping charges by professional men may be seen by an examination of the following cases: Boush v. Dreese, 28 Dist. R. 82; Linn v. County of Washington, 9 Wash. Co. 21.

The sixth paragraph of the statement avers that the defendant settled a claim for damages arising from the automobile accident, and that he submitted the plaintiff's bill to the insurance company which made the settlement as an item of his, plaintiff's, loss. It is contended that this was a ratification of the plaintiff's bill. We cannot see how this estops the defendant from questioning the plaintiff's bill. There is no allegation that the defendant received $350 from the insurance company as a payment of this bill, and in the absence of such an averment we do not think the mere fact that defendant informed the insurance company that he had been presented with a bill by plaintiff for $350 amounted to a ratification of the plaintiff's claim.

Even if we hold that the action of the defendant was a ratification of plaintiff's bill as to amount, still we are of the opinion that the defendant is entitled to have the bill itemized, in order to protect himself against charges that may be made by others for the same services, as we were informed at the argument that several physicians attended the defendant's son while he was in the hospital suffering from his injuries.

And now, May 25, 1934, the rule for a more specific statement of claim is made absolute.                                        From Aaron S. Swartz, Jr., Norristown, Pa.